IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN PHILLIP CASHER,<br><br>Defendant. | CR 19-65-BLG-SPW<br><br>ORDER GRANTING MOTION IN LIMINE ON 404(b) EVIDENCE |
|---|---|

The Defendant, Stephen Casher, filed a motion *in limine* to prevent the Government from introducing certain evidence of Casher's past conduct under Federal Rule of Evidence 404(b) ("Rule 404(b) Evidence"). (Doc. 74.) The Government filed a response (Doc. 77), and Casher filed a reply (Doc. 78). For the following reasons, the Court grants the motion.

I.   **Background**

A superseding indictment charges Casher with bank fraud (Counts I-VI), money laundering (Count VII), false entry in bank books (Counts VIII-XIII), and blackmail (Count XIV). (Doc. 27.) The Government alleges Casher knew of or

1

facilitated a series of private loans to another individual, Larry Price, from entities Casher either partially or completely owned. (*Id.*) Then, as a loan officer and market president at Rocky Mountain Bank, Casher allegedly approved loans to entities for which Price was a guarantor (and in Count III, allegedly approved a $100,000 increase in Price's personal line of credit). However, Casher did not disclose his private loans to the bank, and Casher knew Price did not disclose them in his loan documents. This is the primary basis for Counts I through V. (*Id.* at 2–6.)

Count VI alleges a similar scheme, but instead of Price, Casher privately loaned money to other individuals, J.K. and T.K. Then, the Government alleges, Casher approved a loan extension and waiver of compliance conditions on behalf of Rocky Mountain Bank for an entity J.K. and T.K. controlled—once again, all without disclosing his private loans. (*Id.* at 6–7.)

Counts VIII through XIII allege Casher knowingly made false entries in Rocky Mountain Bank's books with the intent to defraud the bank for the transactions in Counts I through VI. (*Id.* at 7–12.)

Count VII alleges Casher engaged in a transaction that he knew involved funds derived from bank fraud, making a false statement to a bank, and making false entries in bank books. (*Id.* at 7.) Finally, Count XIV alleges Casher demanded

2

and received an interest in real estate from an unnamed individual under threat of informing the Government of wire fraud. (*Id.* at 12–13.)

The Government filed a notice that it intends to use Rule 404(b) Evidence in its case against Casher. (Doc. 72.) Specifically, it intends to admit evidence that: (1) Casher improperly accessed a customer's account while employed with Wells Fargo in 2010; (2) Casher was involved in an improper romantic relationship with a subordinate while employed with Rocky Mountain Bank; and (3) Casher signed a loan document while employed with Rocky Mountain Bank stating that a company was in compliance with the terms of its loan when it was not. (*Id.* at 3–5.) After receiving the notice, Casher moved *in limine* for an order preventing the Government from admitting the Rule 404(b) Evidence. (Doc. 74.) For the following reasons, the Court grants Casher's motion.

**II.   Discussion**

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) permits evidence of prior wrongs or acts for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

3

The Ninth Circuit has articulated a four-part test to determine the admissibility of Rule 404(b) Evidence. A court may admit such evidence if: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that [the] defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."[1] *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quoting *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)). If the evidence meets this test, the court must then decide whether the evidence's probative value is substantially outweighed by the prejudicial impact under Rule 403. *Id.* Courts have "wide discretion" when deciding whether to admit Rule 404(b) Evidence. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

   a. *The Alcova Resorts Account at Wells Fargo*

The Government first seeks to admit evidence that Casher improperly accessed account data for an entity called Alcova Resorts while he was employed at Wells Fargo in June 2010. (Doc. 72 at 3–4.) The Government states Casher had a private business interest with Alcova Resorts and had been a signer for the account before his removal in January 2010. The Government continues, "In spite of this,

---

[1] At this time, there is no evidence before the Court that Casher engaged in the conduct the Government described in its Notice, (Doc. 72). However, even if sufficient evidence existed, it would not change the Court's conclusion that the Rule 404(b) Evidence is not admissible.

4

Casher repeatedly used his position at the bank to access and view the account, even though he did not have a business reason to do so." (*Id.* at 4.) The Government also states that Casher requested to become the account manager for Gary Lever, an individual with control over the Alcova Resorts account. Casher had a private business relationship with Lever and acknowledged he should not have been the account manager for Lever because the private business relationship created a conflict of interest with Rocky Mountain Bank. (*Id.*)

Despite some similar facts between the Alcova Resorts evidence and the instant case, the Court finds the evidence does not meet the test for admissibility under *Romero*. The evidence bears no relationship to fraud, and it does little to prove, as the Government suggests, Casher's intent to engage in the conduct charged. *See* (Doc. 77 at 11.) For example, the Government does not allege Casher, as an employee of Wells Fargo, approved a loan or conferred a similar benefit on Alcova Resorts or Lever with knowledge that Wells Fargo was unaware of private funds Casher had lent them. In fact, after he accessed and viewed the account, the Government does not allege Casher took any action at all. Even if Casher's actions violated internal Wells Fargo policies, it is not similar enough to Casher's charged conduct to be probative of his intent. The evidence is not admissible.

### b. The Romantic Relationship

Next, the Government seeks to admit evidence that Casher was romantically involved with an employee who reported to him at Rocky Mountain Bank in 2012. (*Id.* at 4.) The Government states the bank warned Casher the relationship created the appearance of a conflict of interest and would be grounds for termination should it continue. (*Id.*)

This evidence is plainly inadmissible. Nothing about Casher's romantic relationship with a subordinate bears any relationship to the conduct charged. Even if the relationship gave the "appearance of a conflict of interest," it does not tend to prove Casher intended to conceal material information from Rocky Mountain Bank. And even if the relationship passed muster under *Romero*, the Court would find its probative value is substantially outweighed by its prejudicial impact. *See* Fed. R. Evid. 403. The evidence is not admissible.

### c. The CASS Loan Document

Finally, the Government seeks to introduce evidence that Casher, while employed with Rocky Mountain Bank, signed a loan document stating that a banking client, CASS, was in compliance with the terms and covenants of its loan when it was not. (Doc. 77 at 5.) The Government states Rocky Mountain Bank concluded this was a misrepresentation Casher made to the bank. (*Id.*)

This evidence also fails to meet the Rule 404(b) admissibility test under *Romero*. The Government does not allege Casher signed the loan document with the intent to defraud Rocky Mountain Bank. It does not allege Casher knew the information contained in the document was false, and it does not even allege Casher had a private business relationship with CASS. The evidence is not similar enough to the conduct with which Casher is charged to be probative of intent. This evidence is also not admissible.

### III. Conclusion

None of the three instances of Casher's past conduct are admissible under Rule 404(b) and *Romero*. None of them prove Casher's intent with respect to his criminal charges, and none of them are sufficiently similar to the charged conduct, which primarily alleges Casher took action against a bank he was employed with in order to promote his private business interests.[2]  Accordingly,

**IT IS HEREBY ORDERED** that the Defendant Stephen Casher's Motion in Limine on Rule 404(b) (Doc. 74) is **GRANTED**. The Government may not admit

---

[2] For these same reasons, the Court finds the evidence at issue is not "inextricably intertwined" with the charged conduct such that it is not governed by Rule 404(b). The evidence does not "constitute[] a part of the transaction that serves as the basis for the criminal charge[s]," nor is it necessary "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). "Coincidence in time is insufficient." *Id.*

the evidence described in its Notice, (Doc. 72).    The Clerk of Court shall notify the parties of this Order.

DATED this 27th day of May, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge