## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**STEPHEN PHILLIP CASHER,**<br><br>**Defendant.** | **CR 19-65-BLG-SPW**<br><br><br>**ORDER DENYING THIRD-PARTY MOTION TO QUASH SUBPOENAS** |

Before the Court is a motion to quash or modify trial subpoenas by third parties Curtis Chrystal and Craig Sciara.   (Doc. 93.)   The Defendant, Stephen Casher, has filed a response.   (Doc. 95.)   So has the Government.   (Doc. 99.) For the following reasons, the Court denies the motion.

## I.     Background

The Government served trial subpoenas on third parties Curtis Chrystal and Craig Sciara, requiring that they personally appear as witnesses at the jury trial scheduled for June 22, 2020.   (Doc. 94-1 at 2; Doc. 94-2 at 2.)   Mr. Chrystal and Mr. Sciara are both employees of Heartland Financial USA, Inc.   (Doc. 94-1 at 2;

Doc. 94-2 at 2.)    Mr. Chrystal lives in Madison, Wisconsin, while Mr. Sciara lives in Denver, Colorado.    (Doc. 94-1 at 2; Doc. 94-2 at 2.)

Due to the ongoing COVID-19 pandemic, both witnesses have concerns about traveling, especially Mr. Chrystal given his age and underlying health conditions. (Doc. 94-1 at 2–3; Doc. 94-2 at 3.)    Mr. Chrystal states he is 63-years-old and suffers from high-blood pressure, hypothyroidism, an enlarged prostate, and an irregular heartbeat, in addition to smoking for over 45 years.    (Doc. 94-2 at 2.) His physician has informed him, "Obviously, there are concerns with air travel in regards to Covid" and, due to his age and medical issues, he is at a high risk of complications were he to become infected.    (*Id.* at 3.)    Therefore, both Mr. Chrystal and Mr. Sciara have moved the Court to quash their subpoenas.    (Doc. 94 at 3.)    In the alternative, they ask the Court to permit them to testify by videoconference.    (Doc. 94 at 4.)

Mr. Casher does not object to the Court quashing the subpoenas, but he does object to allowing videoconference testimony on Confrontation Clause grounds. (Doc. 95 at 2.)    The Government objects to quashing the subpoenas and agrees with Mr. Casher that allowing videoconference testimony would raise serious Confrontation Clause concerns in light of the record.    (Doc. 99 at 3–4.)

## II.   Discussion

As the Court stated in an earlier order, (Doc. 91 at 3), the ongoing COVID-19 health crisis is unprecedented and creates health and safety concerns the Court does not take lightly.   Nevertheless, the Court must afford considerable weight to Mr. Casher's Confrontation Clause rights.

> a. *The Court will not quash the subpoenas because they are neither unreasonable nor oppressive.*

Federal Rule of Criminal Procedure 17(c)(2) confers discretion on the Court to quash a subpoena if compliance would be "unreasonable or oppressive."[1]   *See U.S. v. Bergeson*, 425 F.3d 1221, 1224 (9th Cir. 2005).   These two factors require a case-by-case judgment because they "cannot sensibly be converted into a mechanical rule."   *Id.* at 1225.   Nevertheless, the Court considers circumstances such as "the risk of imminent physical harm to others, magnitude of the case, scarcity of evidence . . . along with the potential harm from enforcing the subpoena."   *Id.* at 1227.

---

[1] Rule 17(c) relates to subpoenas for documents and objects.   Most often, a party invokes Rule 17(c)(2) to quash an unreasonable or oppressive request for documents—a subpoena *duces tecum*. *See, e.g., U.S. v. Nixon*, 418 U.S. 683 (1974); *In re Grand Jury Subp., JK-15-029*, 828 F.3d 1083, 1087 (9th Cir. 2016); *In re K.K.*, 756 F.3d 1169 (9th Cir. 2014).   For the purposes of this order, however, the Court assumes *arguendo* that Rule 17(c) is the proper vehicle for a motion to quash a subpoena for witness testimony.

3

The subpoenas here are neither unreasonable nor oppressive.   They do not, for example, implicate attorney-client concerns, *see id.* at 1224–27, reflect an abuse of process, *see United States v. Villa-Chaparro*, 115 F.3d 797 (10th Cir. 1997), or call for irrelevant evidence, *see United States v. Louis Trauth Dairy, Inc.*, 162 F.R.D. 297 (S.D. Ohio 1995).   Further, the Government states the testimony from both witnesses is anticipated to be significant, (Doc. 99 at 2–3), and there is little doubt this case carries great magnitude.   And while enforcement presents potential harm should either witness contract COVID-19, the risk is neither imminent nor so substantial that the Court finds the subpoenas to be oppressive.

> b. *Testimony by videoconference is not a viable alternative due to Mr. Casher's Confrontation Clause rights.*

In the alternative, Mr. Chrystal and Mr. Sciara ask the court to allow them to testify via videoconference.   (Doc. 94 at 4–6.)   As Mr. Casher aptly points out, in a civil case, videoconference testimony would ordinarily be acceptable under these circumstances.   However, because a criminal defendant risks incarceration, the United States Constitution affords greater protections, including the defendant's right "to be confronted with the witnesses against him."   U.S. Const. amend. VI. This confrontation requirement may be satisfied absent a physical, face-to-face confrontation only where (1) the "denial of such confrontation is necessary to further an important public policy," and (2) "the reliability of the testimony is otherwise

4

assured." *Maryland v. Craig*, 497 U.S. 836, 850 (1990); *see U.S. v. Carter*, 907 F.3d 1199, 1205–06 (9th Cir. 2018).

What is "necessary" is a high bar, and the Ninth Circuit case, *Carter*, 907 F.3d 1199, controls the issue.   There, a district court allowed a witness to testify by videoconference who was seven months pregnant and hospitalized due to complications.   *Id.* at 1203.   The circuit reversed and held that denying the defendant the right to physical confrontation under the circumstances was not a necessity.   *Id.* at 1208–10.   While the circuit agreed the witness was unable to travel for the remainder of her pregnancy (two months), the circuit found there were alternatives available that could have secured the defendant's confrontation rights. *Id.*   The circuit gave three examples: a continuance, deposing the witness, and severing the counts the witness would testify on.   *Id.*   The circuit continued, "We are mindful that having to make these adjustments on the eve of trial is not ideal. But a criminal defendant's constitutional rights cannot be neglected merely to avoid added expense or inconvenience."   *Id.* at 1208 (internal quotations and citations omitted).   The circuit concluded that although "there may be some cases in which it is truly necessary to forgo physical confrontation at trial due to a witness's medical condition," *id.* at 1209 (citing as an example *Horn v. Quarterman*, 508 F.3d 306,

310, 320 (5th Cir. 2007)[2]), where alternatives are available, "[t]he right of confrontation may not be dispensed with so lightly." *Id.* at 1209 (quoting *Barber v. Page*, 390 U.S. 719 (1968)).

In this case, there are no realistic alternatives available to the Court. First, the Court already considered a continuance but found it impracticable. (Doc. 91.) COVID-19 is unprecedented as much as it is unpredictable. Unlike the witness's pregnancy in *Carter*, there is no way for the Court to know when the crisis will end. As of now, according to the New York Times, Montana has the lowest per-capita rate of infections in the United States, other than Hawaii. New York Times, *Coronavirus in the U.S.: Latest Map and Case Count*, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html#states (last visited June 17, 2020). Cases across many states are decreasing or remaining stagnant, though some states are beginning to see an uptick. *Id.* Even still, the Court earlier found that "there is a favorable window of opportunity right now to go forward with the trial, and that, coupled with Casher's right to a speedy trial, weigh against" a continuance. (Doc. 91 at 6.)

---

[2] In *Horn*, the Seventh Circuit found the necessity-based exception satisfied on habeas review when the witness was "terminally ill with cancer and being treated in [another state]." *Horn*, 508 F.3d at 310, 320. Notably, *Horn*'s conclusion was only that testimony under the circumstances "via two-way closed-circuit television was not an unreasonable application of clearly established federal law." *Id.* at 320.

6

Second, depositions at this late hour would require a continuance. They would also deprive the jury of the opportunity to observe the witnesses under direct and cross examination. Depositions, too, are not a viable alternative.

Third, testimony from the two witnesses is anticipated to impact most (if not all) the counts with which Mr. Casher is charged. It would be unreasonable to sever them at this point, and even if the Court did, the same problems arise: there is no way to predict when the health crisis will end and when Mr. Casher could proceed to trial on the severed counts. The Court is therefore left with two options: either the witnesses testify by videoconference or they appear in person.

While the Court is sympathetic to those witnesses who must travel during these times, the potential risks COVID-19 poses do not present a necessity to forego Mr. Casher's confrontation rights. And, in regard to these particular witnesses, their individual circumstances still do not.

Mr. Sciara does not state whether he has any health issues making his risks more severe. As Chief Credit Officer of Heartland Financial, he states, "The COVID-19 pandemic has created a challenging credit environment, which require[s] daily leadership to help navigate." (Doc. 94-2 at 2.) He is not comfortable navigating a major airport, traveling via public transit, or staying in a hotel. (*Id.*) Nevertheless, he resides in Denver, Colorado, and acknowledges he could travel by

7

car.   The Court finds that Mr. Sciara has clear alternatives to limiting his exposure, such as traveling by car and taking precautions recommended by the CDC.   His risks do not represent a "necessity" to forego physical confrontation.   *See Carter*, 907 F.3d at 1208 ("[A] criminal defendant's constitutional rights cannot be neglected merely to avoid added expense or inconvenience").   Mr. Sciara must appear in person at trial.

Mr. Chrystal, on the other hand, does have several medical issues placing him at a high risk of complications were he to contract COVID-19.   (Doc. 94-1 at 3.) But even Mr. Chrystal's risks do not rise to the level of a "necessity" to forego Mr. Casher's rights.   For one, though Mr. Chrystal lives in Madison, Wisconsin, he could choose to drive to limit his potential exposure.   But if he chooses to fly, there are still several precautionary measures he can take (several of which the Court itself will take throughout the trial).   Additionally, Mr. Chrystal is not presently hospitalized for any medical issues like the pregnant witness in *Carter* or the terminally ill cancer patient in *Horn*.   The Court is sympathetic to his concerns— and they are very real concerns—but Mr. Chrystal has not contracted COVID-19, nor does he have another ailment preventing him from traveling and physically appearing (neither does Mr. Sciara, for that matter).   Mr. Chrystal's risks therefore do not present a "necessity" to forego Mr. Casher's confrontation rights.

### III.   Conclusion

The Court takes the threat of COVID-19 seriously, but it must also consider Mr. Casher's rights under the Constitution.    What is "necessary" to allow witnesses to appear by videoconference is a high bar to meet.    In this case, neither Mr. Sciara nor Mr. Chrystal meet it.    Nevertheless, it is an issue the Court will continue to monitor closely over the next week and as Mr. Casher's trial begins.    Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash or Modify Trial Subpoenas to Third Parties Curtis Chrystal and Craig Sciara (Doc. 93) is **DENIED**. The Clerk of Court shall notify the parties and the third parties' counsel of this Order and shall file it under seal.

DATED this _17th_ day of June, 2020.

SUSAN P. WATTERS
United States District Judge