IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-65-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT |
| STEPHEN PHILLIP CASHER, | |
| Defendant. | |

Before the Court is a motion *in limine* to exclude the Government's proposed expert witness, Bart Langemeier, filed by the Defendant, Stephen Casher.  (Doc. 96.)  Casher argues the Government cannot offer testimony from an expert under Federal Rule of Criminal Procedure 16(a)(1)(G) because the Government failed to timely disclose the expert after Casher's earlier request.   Ordinarily, Casher would be correct, but the Government states it only intends to call Mr. Langemeier in rebuttal.  Rule 16(a)(1)(G) only requires the disclosure of experts the Government intends to use "during its case-in-chief at trial."   Fed. R. Crim. P. 16(a)(1)(G); *see*

1

*generally United States v. Silva*, 141 Fed. Appx. 521 (9th Cir. 2005) (citing Fed. R. Crim. P. 16(a)(1)(G)).[1] This does not include rebuttal.

In his reply, Casher appears to concede the point if the Government's expert only testifies in rebuttal. (Doc. 111.) He asks the Court to issue an order limiting the testimony to rebuttal. The Court agrees and will do so.

The Court will reserve ruling on whether the contents of Mr. Langemeier's testimony is admissible. The Court cautions the Government that it must ensure Mr. Langemeier's testimony is limited to rebutting Casher's expert testimony.

Lastly, Casher's counsel mentions a potential conflict of interest with Mr. Langemeier. (Doc. 96-1 at 4–5.) Without a motion or more information from Casher's counsel, the Court will not address the issue at this time.

**IT IS HEREBY ORDERED** that Casher's Motion *In Limine* to Exclude Expert (Doc. 96) is **DENIED**.

**IT IS FURTHER ORDERED THAT**:

1. The Government shall not call Bart Langemeier to testify in its case-in-chief.

---

[1] *Silva* is a memorandum opinion but demonstrates where the Ninth Circuit would most likely fall on the issue. Regardless, Rule 16's text is plain enough.

2. The Court **RESERVES** ruling on whether testimony from Bart Langemeier is admissible in rebuttal.

The Clerk of Court shall notify the parties of this Order.

DATED this 17th day of June, 2020.

SUSAN P. WATTERS
United States District Judge